1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

FERDINAND KIPKORIR KIBOR,          CASE NO. C26-0390JLR

11                        Petitioner,          ORDER

          v.

12

LAURA HERMOSILLO, et al.,

13

                        Respondents.

14

15              **I.      INTRODUCTION**

16          Before the court is Petitioner Ferdinand Kipkorir Kibor's 28 U.S.C. § 2241

17  petition for writ of habeas corpus.  (Petition (Dkt. # 1); Traverse (Dkt. # 9).)  The

18  Government[1] opposes the petition.  (Return (Dkt. # 6).)  The court has considered the

19

20          [1] The federal Respondents are Laura Hermosillo, Acting Field Office Director for the
21  Seattle Field Office of Immigration and Customs Enforcement ("ICE"); Kristi Noem, Secretary
    of the Department of Homeland Security ("DHS"); Pamela Bondi, United States Attorney
    General; and Todd Lyons, Acting Director of ICE (together, the "Government").  (*See* Petition
22  ¶¶ 16, 18-19.)

ORDER - 1

1  parties' submissions, the relevant portions of the record, and the governing law.  Being

2  fully advised, the court DENIES Petitioner's petition for writ of habeas corpus.

## II.    BACKGROUND

4  Petitioner is a citizen of Kenya who was admitted to the United States on a visitor

5  visa in 2004 and remained in the United States after that visa expired.  (Petition ¶ 15; Baz

6  Decl. (Dkt. # 7) ¶ 3.)  He is a gay man who fears persecution based on his sexual

7  orientation if he were returned to Kenya.  (*See* Petition ¶ 1.)

8  On May 10, 2025, immigration officers arrested Petitioner as an alien present in

9  violation of law under 8 U.S.C. § 1227(a)(1)(B), served him with a Notice to Appear, and

10  placed him in removal proceedings.  (Baz Decl. ¶¶ 4-5; Lambert Decl. (Dkt. # 8) ¶ 2,

11  Ex. D (Notice to Appear).)  Shortly thereafter, the Government placed Petitioner in

12  custody at the Northwest ICE Processing Center ("NWIPC").  (Baz Decl. ¶ 5.)

13  During his removal proceedings, Petitioner admitted the allegations set forth in the

14  Notice to Appear and the immigration judge designated Kenya as the country of removal.

15  (*Id.* ¶ 6.)  Petitioner then filed an application for asylum, withholding of removal, and

16  relief under the Convention Against Torture.  (*Id.* ¶ 6.)  On October 29, 2025, the

17  immigration judge denied Petitioner's request for bond after finding that Petitioner was a

18  flight risk.  (Lambert Decl. ¶ 3, Ex. E.)

19  On December 5, 2025, the immigration judge denied Petitioner's application for

20  asylum and ordered Petitioner's removal to Kenya, but granted Petitioner's application

21  for withholding of removal to Kenya based on his credible fear of persecution on the

22  basis of his sexual orientation.  (Baz Decl. ¶ 8; Petition ¶ 21; *see id.*, Ex. B (decision of

1    the immigration judge).)  Neither Petitioner nor the Government appealed the

2    immigration judge's order.  (Baz Decl. ¶ 8.)  As a result, Petitioner's order of removal

3    became administratively final on January 5, 2026.  (*Id.*)

4         Because the order of withholding of removal prohibits Petitioner's removal to

5    Kenya, the Government has been pursuing third-country removal.  (See, e.g., Baz Decl.

6    ¶ 9.)  On February 13, 2026, ICE notified Petitioner that it intended to remove him to

7    Uganda.  (*Id.* ¶ 11.)  Based on Uganda's human rights record regarding LGBTQ

8    individuals, Petitioner expressed that he fears being removed to Uganda.  (*See* Petition

9    ¶¶ 3, 26; Lambert Decl. ¶ 4, Ex. G (Warning for Failure to Depart); *see also* Traverse at

10   2-3 (discussing Uganda's Anti-Homosexuality Act).)  The Government then referred

11   Petitioner to United States Citizenship and Immigration Services ("USCIS") to undergo

12   the reasonable fear screening process.  (Baz Decl. ¶ 11.)  The date of the screening is not

13   in the record.

14        Petitioner filed his petition on February 2, 2026.  (Petition.)  He asserts that he is

15   entitled to immediate release under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because

16   there is no reasonable likelihood that he will be removed from the United States in the

17   foreseeable future.  (*See, e.g.*, Petition ¶¶ 5, 23, 46.)

### III.    ANALYSIS

19        To succeed on his habeas petition, Petitioner must show by a preponderance of the

20   evidence that he "is in custody in violation of the Constitution or laws or treaties of the

21   United States."  28 U.S.C. § 2241(c)(3); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir.

22

2004).  A district court's habeas jurisdiction includes challenges to immigration-related

detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

"When [a noncitizen] has been found to be unlawfully present in the United States

and a final order of removal has been entered, the Government ordinarily secures the

[noncitizen's] removal during a subsequent 90-day statutory 'removal period,' during

which time the [noncitizen] normally is held in custody."  *Zadvydas*, 533 U.S. at 682.

During the 90-day removal period, the government "shall detain" the noncitizen.

8 U.S.C. § 1231(a)(2)(A).  Once the 90-day removal period ends, the Government may

continue to detain certain noncitizens, or it may release the noncitizen on supervision.

*Id.* § 1231(a)(6) ("[A noncitizen] ordered removed who is inadmissible . . . , removable[,]

or who has been determined by the Attorney General to be a risk to the community or

unlikely to comply with the order of removal, may be detained beyond the removal

period[.]"); *see also Zadvydas*, 533 U.S. at 689.

The Immigration and Nationality Act ("INA") does not, however, authorize

"indefinite, perhaps permanent, detention" of noncitizens subject to final orders of

removal.  *Zadvydas*, 533 U.S. at 699.  "A statute permitting indefinite detention of [a

noncitizen] would raise a serious constitutional problem [under] . . . [t]he Fifth

Amendment's Due Process Clause[.]"  *Id.* at 690.  Thus, "once removal is no longer

reasonably foreseeable, continued detention is no longer authorized by statute."  *Id.* at

699.  The "presumptively reasonable" period for detention following a removal order is

six months.  *Id.* at 701.  After six months, a petitioner challenging his detention through a

1    habeas petition bears the initial burden of providing "good reason to believe that there is

2    no significant likelihood of removal in the reasonably foreseeable future." *Id.*

3        Here, Petitioner asserts that he is entitled to habeas relief under *Zadvydas* because

4    the Government cannot show that there is a significant likelihood that it will be able to

5    remove him to Kenya or Uganda in the reasonably foreseeable future.  (Petition ¶ 5.)

6    Petitioner, however, has only been subject to post-order detention pursuant to 8 U.S.C.

7    § 1231(a)(2)(A) since January 5, 2026, when his removal order became administratively

8    final.  As a result, the 90-day mandatory detention authorized under that statute does not

9    expire until April 5, 2026.  (*See* Return at 6.)  Therefore, the court agrees with the

10   Government that Petitioner's petition for writ of habeas corpus is premature and denies

11   the petition without prejudice to refiling in the future if Petitioner meets the requirements

12   for relief under *Zadvydas*.

13       Petitioner asks the court to hold this case in abeyance until April 6, 2026, when the

14   90-day removal period will have expired.  (*See* Traverse at 3.)  He argues that the stay is

15   necessary to prevent the Government from transferring him out of this District before he

16   can refile a habeas petition.  Petitioner does not, however, cite authority in support of his

17   request.  Accordingly, the court denies Petitioner's request to hold this case in abeyance.

18   The court will, however, order the Government to provide Petitioner and his counsel with

19   at least 48 hours' notice before any action to remove or transfer Petitioner from this

20   District.  (*See* Scheduling Order (Dkt. # 3) ¶ 3.)

21

22

ORDER - 5

## IV.    CONCLUSION

For the foregoing reasons:

1.    Petitioner's petition for writ of habeas corpus (Dkt. # 1) is DENIED without prejudice; and

2.    The Government is ORDERED to provide Petitioner and his counsel at least 48 hours' notice (or 72 hours' notice if the period extends into a weekend, holiday, or date the court is closed) prior to any action to move or transfer Petitioner from the Western District of Washington or to remove him from the United States.

Dated this 26th day of February, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 6