UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FERDINAND KIPKORIR KIBOR,

                Petitioner,

    v.

LAURA HERMOSILLO, et al.,

                Respondents.

CASE NO. C26-0390JLR

ORDER

Before the court is the Government's[1] motion to amend the court's February 26, 2026 order and judgment denying Petitioner Ferdinand Kipkorir Kibor's 28 U.S.C. § 2241 petition for writ of habeas corpus without prejudice and ordering the Government

---

[1] The Federal Respondents are Field Office Director of Enforcement and Removal Operations, Seattle Field Office, Immigration and Customs Enforcement ("ICE") Laura Hermosillo; United States Secretary of the Department of Homeland Security Markwayne Mullin; and Acting United States Attorney General Todd Blanche (together, the "Government") (Petition (Dkt. # 1) ¶¶ 16, 18-19); *see* Fed. R. Civ. P. 25(d) (automatically substituting as defendant the successor of a public officer who is named in an official capacity but ceases to hold office while an action is pending).

ORDER - 1

to provide Petitioner and his counsel with at least 48 hours' notice before any action to remove or transfer Petitioner from this District.  (Mot. (Dkt. # 13); *see* 2/26/26 Order (Dkt. # 11) at 5-6; Judgment (Dkt. # 12).[2])  Mr. Kibor opposes the motion.  (Resp. (Dkt. # 14).)  The court has reviewed the parties' submissions, the relevant portions of the record, and the governing law.  Being fully advised, the court GRANTS the Government's motion.

The Government brings its motion pursuant to Federal Rule of Civil Procedure 59(e).  (Mot. at 1.)  A motion to amend a judgment under Rule 59(e) should not be granted unless the district court is "(1) presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1064 n.1 (9th Cir. 2005) (citation omitted); *see also* Local Rules W.D. Wash. LCR 7(h)(1) ("Motions for reconsideration are disfavored.").

Here, the Government argues that the court committed clear error because it denied Petitioner's petition for writ of habeas corpus on the merits and Petitioner did not satisfy the requirements for entering a permanent injunction.  (*See generally* Mot.)  Specifically, the Government asserts that a permanent injunction is inappropriate because Petitioner did not show, and the court did not find, that the Government was "either violating, or about to violate Petitioner's legal rights." (Mot. at 4.)  Mr. Kibor's opposition focuses on recent court decisions finding ICE's conduct unlawful rather than

---

[2] The Government did not file a reply in support of its motion.  (*See generally* Dkt.)

ORDER - 2

on Mr. Kibor's specific circumstances.  (*See generally* Resp.)  Accordingly, the court GRANTS the Government's motion (Dkt. # 13) and AMENDS its February 26, 2026 order to delete the requirement that the Government continue to provide Mr. Kibor and his counsel advance notice of its intent to remove or transfer Mr. Kibor.  The court reminds the Government, however, that it must meet due process requirements should it decide to remove or transfer Mr. Kibor.  Furthermore, this order does not limit Mr. Kibor from filing a new petition for writ of habeas corpus if such a petition is warranted.

Dated this 9th day of April, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 3